79 F.3d 1156
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert V. PAGE, Petitioner-Appellant,
v.
Denise SPEARS, Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 95-6343.
(D.C.No. CIV-95-654-L)
 United States Court of Appeals, Tenth Circuit.
 March 13, 1996.
 
 Before ANDERSON, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Robert Vester Page (Page), appearing pro se and having been granted leave to proceed in forma pauperis, appeals from the district court's order and judgment adopting the Report and Recommendation of the magistrate judge in dismissing Page's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254.
 
 
 3
 Page filed this action challenging his State of Oklahoma conviction for First Degree Manslaughter upon his plea of nolo contendere. He was sentenced on September 11, 1992, to 38 years of imprisonment, with all but 14 years suspended.
 
 
 4
 The magistrate judge found, and we agree, that Page had filed a prior habeas corpus proceeding in the Federal District Court for the Western District of Oklahoma, alleging that the state trial court failed to advise him of his right to a court-appointed attorney on appeal and a transcript at state expense. Page also challenged the state court's finding that he had been properly advised of his appellate rights. The district court adopted the magistrate judge's recommendation and denied that petition on the merits.
 
 
 5
 In this proceeding, the magistrate judge found that this was a second or successive petition alleging grounds identical to those raised in the prior petition or grounds which should have been raised in that petition. The magistrate judge found that Page had offered no reasons for failing to raise all issues in his first habeas petition. In addition, the magistrate judge found no merit in the contentions.
 
 
 6
 In his objection to the magistrate judge's Report and Recommendation, Page asserted that "[t]he present petition ... cannot be construed as a subsequent petition [because] [t]his is the same as an original petition." He also asserted that: (1) he was denied an appeal through no fault of his own when his attorney abandoned him, although Page asked her to file the required Notice of Appeal, (2) the State failed to show the misdemeanor element of the crime of First Degree Manslaughter, (3) he should have been convicted of a lesser charge such as negligent homicide, and (4) his sentence was clearly excessive.
 
 
 7
 On appeal, Page contends that: (1) he was denied due process of law in the course of acceptance of his guilty plea in the state district court of Oklahoma County, Oklahoma, (2) he was denied effective assistance of counsel at his state trial because he wanted to withdraw his plea of guilty and he also wanted to appeal but his counsel refused his requests, (3) the State failed to establish the charge of First Degree Manslaughter, (4) failure to hear this habeas petition will result in a fundamental miscarriage of justice, and (5) evidence used against him for his conviction had been ordered suppressed.
 
 
 8
 We review a district court's legal conclusion in dismissing a petition for a writ of habeas corpus de novo, Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir.1993), although findings of fact underlying mixed questions of law and fact are accorded the presumption of correctness. Manlove v. Tansy, 981 F.2d 473, 476 (10th Cir.1992). We recognize that a pro se litigant is held to less stringent standards than those applicable to a licensed attorney. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988). Nevertheless, a pro se litigant "must follow the same rules of procedure that govern other litigants." Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett, 24 F.3d 136, 142 (10th Cir.1994).
 
 
 9
 We have reviewed the entire record on appeal. We affirm for the substantially the reason set forth in the magistrate judge's "Report and Recommendation" dated and filed May 24, 1995.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3